### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

JAMES EDWIN CURTIS                                                              PLAINTIFF

VS.                                                        CIVIL ACTION NO.: 3:12CV260LRA

HINDS COUNTY, MISSISSIPPI,
and RICHARD BROWN, in his
individual and official capacities                                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Motion for Summary Judgment [86] filed by

Defendants Hinds County, Mississippi, and Sgt. Richard Brown, in his official capacity.

The Plaintiff's suit against Sgt. Brown in his official capacity is actually a suit against Hinds

County, itself.   *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989); *see also Hafer v.*

*Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not

'persons' for purposes of the suit because they assume the identity of the government that employs

them." ); *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996) ("A suit against the Sheriff in his

official capacity is a suit against the County.").   Curtis does not argue otherwise.  Thus, if Hinds

County has no liability in this matter, then the claims against Brown in his official capacity must

also fail.  The parties also agree that neither Hinds County nor Deputy Brown can be held liable

unless Curtis shows: (1) the existence of a policymaker; (2) an official policy or custom; and (3) a

violation of constitutional rights whose "moving force" is the policy or custom.  *Piotrowski v. City*

*of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

This Court has already determined that Officer Brown did not use excessive force against

Curtis; in the absence of a violation of constitutional rights, there can be no liability.  Moreover,

Curtis has not established that the use of excessive force is such a widespread practice or custom that

it has become a policy of Hinds County – a policy that was effectuated by Sgt. Brown on the night in question.  To establish liability, Curtis must also show actual or constructive knowledge of the practice that can be attributed to the County.  Citing a Fifth Circuit case, he contends that evidence of excessive force in other cases in this Court "can provide evidence of constructive knowledge." *Pineda v. City of Houston*, 291 F.3d 325, 330 (5th Cir. 2002).

In *Pineda*, the plaintiff attempted to show a custom of warrantless searches by city policemen that violated Fourth Amendment rights.  *Id*. at 329.  Out of 5,000 offense reports produced by the City, the district court ultimately considered eleven, finding that they established sufficient evidence of unconstitutional searches to defeat summary judgment.  *Id*.  The Fifth Circuit disagreed, and it also disagreed with the contention that these searches established constructive knowledge, finding that, even if policymakers had read all eleven of the reports, they were insufficient to establish actual knowledge of a pattern or practice.  *Id*. at 331.

The first case from this District that Curtis advances as supporting his claims is *Johnson v. Turner*, Civil Action No. 3:11cv86CWR-FKB (S.D. Miss. Mar. 29, 2012).  There, the claim of excessive force rested on the plaintiff's contention that she and a Hinds County deputy encountered each other in a nightclub parking lot.  According to the plaintiff, the deputy punched her in the face without provocation; according to the deputy, the plaintiff initiated the contact, which actually amounted to only a bump between their bodies.  After granting summary judgment to the County and to the deputy in her official capacity,  Judge Reeves held that the factual dispute precluded a grant of summary judgment to the deputy in her individual capacity.  The parties ultimately moved jointly for a dismissal with prejudice, so there was no adjudication of liability.

In the next case, *Smith v. Dixon*, Civil Action No. 3:11cv25MTP (S.D. Miss. July 27, 2012), the plaintiff claimed that an Officer at the Hinds County Detention Center kicked, slapped, and insulted him without provocation. The Officer denied this contention. The plaintiff further claimed that the Officer called in three prison trusties to his cell to assault the plaintiff. Although granting the motion for summary judgment as to the County and to the officer in his official capacity, Judge Parker held that the disputed facts precluded the entry of summary judgment on the claims against the officer in his individual capacity, although "the court in no way determines that such claim will ultimately be meritorious." Mem. Op. 14. At the conclusion of a bench trial, Judge Parker entered a judgment as a matter of law in favor of the officer.

Finally, Curtis advances *Hampton v. McMillian*, Civil Action No. 3:09cv406LRA-LRA, as supporting his contentions in another excessive force case, stating, "Your Honorable found in that case that a material dispute of fact existed as to excessive force when Hinds County jailer, without provocation, punched and beat the Plaintiff." (P. Resp. p. 16). While it is true that, in that case, the claims against the jailer in his individual capacity survived summary judgment, the claims against the sheriff and other supervisory personnel were dismissed, for the same reasons advanced by the Defendants in this case. Eventually, after an evidentiary hearing before the undersigned, the claims against the jailer were also dismissed, following a finding that the force used was not unreasonable.

Curtis asks this Court to find that these cases establish a pattern or practice of using excessive force on prisoners, despite the fact that there was no judicial finding in any of those cases of a constitutional injury. While these cases may have survived summary judgment, none of them ultimately established a violation of constitutional rights. Absent such a finding, the undersigned cannot reach the conclusion that they establish constructive knowledge of a widespread practice of

using excessive force that can be imputed to Hinds County.  The failure to establish that Sgt. Brown

used excessive force in arresting Curtis is fatal to his claims against Hinds County and Sgt Brown,

in his official capacity.  When added to the failure to establish a pattern or practice of using

excessive force, his case must fail.  Thus, the Court is compelled to determine that there is no

constitutional claim that can be made in this case, and the Defendants are entitled to judgment as a

matter of law.

## CONCLUSION

Having reviewed the pleadings and the evidence submitted by the parties, and resolving all

facts in favor of the Plaintiff, the Court previously concluded that Curtis has not shown that Sgt.

Brown violated his constitutional rights.  Curtis has also not established that Hinds County has a

pattern or practice of using excessive force.

IT IS, THEREFORE, ORDERED that the claims brought against Hinds County and Sgt.

Brown in his official capacity be dismissed with prejudice.  Final Judgment shall be entered.

IT IS SO ORDERED, this the 29th day of September, 2015.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE